PRODUCERS COOPERATIVE, INC. v. DRIVER

5-3834                                      401 S. W. 2d 730

Opinion delivered April 25, 1966

*Swift & Alexander,* for appellant.

*Oscar Fendler,* for appellee.

FRANK HOLT, Justice. This action is a sequel to the case of *Driver* v. *Producers Cooperative, Inc.,* 233 Ark. 334, 345 S. W. 2d 16. In that case an action was brought by a group of preferred stockholders, the present appellees, to compel the Cooperative and its directors, the present appellants, to comply with its charter and by-laws by the payment of dividends upon its preferred stock and by establishing a revolving fund to be used for retirement of the preferred stock. There the lower court held that the Cooperative's directors had not abused their discretion as to the payment of dividends and the establishment of a revolving fund. Upon appeal we reversed and remanded for further development "to the end that appropriate relief may be afforded to the plaintiffs [appellees herein] with respect to the establishment of the revolving fund and the payment of dividends upon the preferred stock." The present ap-

peal results from an order of the chancellor made in compliance with our mandate.

On September 18, 1961, following our mandate, the Cooperative filed a proposed plan which provided, *inter alia,* for the establishment of a revolving fund. It was proposed that the fund would be established by paying into it from retained patronage the sum of $1.00 for each bale of cotton ginned by the Co-op for the fiscal years 1957-1961 inclusive. The proposed plan further stated: ''The Cooperative Gin will also continue to pay $1.00 per bale for the fiscal years ending on June 30, 1962 and 1963.'' After numerous hearings, appellants' proposed plan was in substance approved. On February 20, 1963 the court entered its first order directing, *inter alia,* the Co-op to pay $15,097.00 ($11,872.00 for the years 1957 through 1961 and $3,225.00 for the year 1962) to a special master so he could then retire certain preferred stock certificates; that $12,650.00 be paid in cash and the balance, $2,447.00, plus $1.00 per bale for cotton ginned during the fiscal year ending June 30, 1963 be paid to the special master no later than September 1, 1963. This order was approved as to form by all parties and there was no appeal.

On September 16, 1963 the court entered another order finding, *inter alia,* the Co-op had not complied with that part of the February 1963 order which directed the Co-op to pay the $2,447.00 balance. However, due to the financial condition of the Co-op, the court permitted this balance to be paid to the special master no later than September 1, 1964 or state in writing any reason for failure to pay the balance by that date. It appears this order met the approval of the parties. Upon noncompliance with this order the court on November 30, 1964 entered a third order requiring that the Co-op promptly pay to the special master the $2,447.00 balance plus $2,410.00 which represents the number of bales of cotton ginned for the fiscal year ending June 30, 1964. Thus, the court ordered the appellants to pay the special master a total of $4,857.00 promptly subject to the fur-

ther orders of the court relating to the revolving fund. It is from this decree that appellants bring this appeal.

For reversal the Co-op and its directors contend that they have substantially complied with the court's orders and to comply with that part of the order respecting the $4,857.00 payment would necessitate violation of the Co-op's charter and by-laws which set the formula for the distribution of its earnings. They argue that payment of a dehydrator loss in the amount of $52,244.06, and the later expenditure of $100,000.00 in 1964 to remodel the gin, depleted the reserve fund to such an extent that the directors are unable to comply with the court's order concerning the payments into the revolving fund. We cannot agree with appellants' contention that they are unable to make the payments to the special master as directed. Somewhat similar contentions of inability to pay were made in the previous case before us. There we ordered that a plan be initiated to pay dividends and retire the preferred stock. A plan was approved by the court. The chancellor in the November 1964 order found that: " * * * the Co-op gin can pay the $2,447.00 balance to the Special Master and should pay it forthwith." The court also found that: " * * * the Co-op gin for the fiscal year ending June 30, 1964 ginned 2,410 bales of cotton and has failed to pay the Special Master $1.00 per bale as previously provided in the Orders of this Court of February 20, 1963, and by agreement of all interested parties. The defendants [appellants] shall also pay that sum of money forthwith to the Special Master."

Upon a review of the evidence *de novo* we cannot say that the finding of the chancellor that the Co-op could and should pay these sums in the amount of $4,-857.00 is against the preponderance of the evidence. Rather, we think the finding of the chancellor is in accord with the evidence and the case of *Driver* v. *Producers Cooperative, Inc., supra.* We consider our opinion in that case as being controlling and the law in the present case. *Collie* v. *Little River Co-op, Inc.*, 236 Ark. 725, 370 S. W. 2d 62. See, also, *Meyers* v. *Meyers*, 214 Ark. 273, 216 S. W. 2d 54.

Appellants also argue that the fiscal year 1957 was erroneously included in its plan which was submitted to the chancellor for approval. Thus, the $2,447.00 balance should have credited against it the sum of $2,738.00 which sum represents the number of bales of cotton ginned at $1.00 per bale for that fiscal year. We find this contention without merit. Appellants included this figure as a part of their own detailed plan which the court finally accepted after numerous protests and hearings. Nor does it appear there was any appeal taken or objection made to the court's February and September 1963 orders that the Co-op pay $2,447.00 to the special master.

In the February 1963 order the chancellor refused to allow a fee to the attorney for the appellees. However, the court appointed him special master and directed that he retain 5% of the gross sum of money paid to him for retiring the preferred stock. On this appeal it is strenuously insisted that appellees' attorney should be allowed a fee because the directors have been very dilatory in carrying out the orders of the court and the directors' actions have not been in good faith. In giving serious consideration to this contention we are of the view, as in our previous opinion, that the request for an attorney's fee should be refused.

The decree of the chancellor is in all things affirmed.